UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE AVERY, | No. 2:18-cv-1302 JAM AC P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| M.D. STAINER, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  Currently before the court is defendant's motion to revoke plaintiff's in forma pauperis (IFP) status.  ECF No. 28.

I.   Procedural History

By order filed April 13, 2020, the undersigned granted plaintiff's request to proceed IFP and ordered service of the complaint.  ECF No. 10.  After being served with the complaint, defendants filed a motion to revoke plaintiff's IFP status.  ECF No. 26.  The motion is now fully briefed and ready for disposition.

II.   The Prison Litigation Reform Act's Three Strikes Rule

The Prison Litigation Reform Act of 1995 (PLRA) permits any court of the United States to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees.  However,

1

> [i]n no event shall a prisoner bring a civil action or appeal a judgement in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  The plain language of the statute makes clear that a prisoner is precluded from bringing a civil action or an appeal IFP if the prisoner has brought three frivolous actions and/or appeals (or any combination thereof totaling three).  Rodriguez v. Cook, 169 F.3d 1176, 1178 (9th Cir. 1999).  "[Section] 1915(g) should be used to deny a prisoner's IFP status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim."  Andrews v. King (King), 398 F.3d 1113, 1121 (9th Cir. 2005).

Once a plaintiff has accrued three strikes, he is precluded from proceeding IFP unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  To satisfy the exception, plaintiff must have alleged facts that demonstrate that he was "under imminent danger of serious physical injury" at the time of filing the complaint.  Andrews v. Cervantes (Cervantes), 493 F.3d 1047, 1053 (9th Cir. 2007) ("[I]t is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to § 1915(g).").

III.    Motion to Revoke

Defendants move to revoke plaintiff's in forma pauperis status on the ground that, at the time he filed the complaint, he had accrued four strikes under 28 U.S.C. § 1915(g) in the following cases: Avery v. Heintschel, No. 2:06-cv-0041 LKK GGH (E.D. Cal.); Avery v. Moreno, No. 2:12-cv-3083 MCE KJN (E.D. Cal.); Avery v. Virga, No. 2:14-cv-0287 DAD (E.D. Cal.); and Avery v. Walker, No. 10-15730 (9th Cir.).  ECF No. 28-1 at 4-8.  They further assert that plaintiff failed to demonstrate that he was in imminent danger of serious physical injury.  Id. at 8-9.

In opposing the motion, plaintiff states the he believes defendants are correct that Avery v. Heintschel constitutes a strike and that they may be correct that Avery v. Walker also constitutes

a strike. ECF No. 32 at 1-4. However, he argues that neither case was filed in bad faith, that Avery v. Heintschel was filed years ago, that he has done his best to learn how to properly plead his claims, and that he is an ethical and respectful litigant. Id. He argues that Avery v. Moreno, is not a strike because it was denied as untimely, which is an affirmative defense, and that Avery v. Virga is not a strike because he voluntarily dismissed the complaint rather than filing an amended complaint. Id. at 4-8.

 IV.  Plaintiff's Strikes

Defendants request that the court take judicial notice of the four cases which they identify as strikes. ECF No. 29. The request for judicial notice will be granted and the court will consider each of the cases identified by defendants.[1] Upon review of those cases, the court finds that defendants have not shown that plaintiff has accrued three strikes because, as discussed below, three of the four cases do not meet the criteria for a strike.

 A. Avery v. Moreno, No. 2:12-cv-3083 MCE KJN (E.D. Cal.)

Defendants argue that Avery v. Moreno constitutes a strike because the defendants in that case moved for dismissal under Federal Rule of Civil Procedure 12 based on exhaustion and the statute of limitations, and the motion was granted on both grounds. ECF No. 28-1 at 5. They acknowledge that dismissal based on a prisoner's failure to exhaust administrative remedies does not constitute a strike unless lack of exhaustion is clear on the face of the complaint,[2] but argue that time-barred claims necessarily fail to state a claim and therefore count as strikes. Id. However, as plaintiff points out, the statute of limitations, like exhaustion, is an affirmative defense, and though defendants cite cases that reflect that claims may be dismissed under Rule 12(b)(6) when the time-bar is clear on the face of the complaint, they fail to properly apply this

---

[1] The court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (citation and internal quotation marks omitted) (collecting cases); Fed. R. Evid. 201(b)(2) (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

[2] The defendants in Avery v. Moreno raised the exhaustion issue in an unenumerated Rule 12(b) motion, not a motion under Rule 12(b)(6).

3

rule in analyzing the dismissal in Avery v. Moreno.

In Jones v. Bock, the Supreme Court held that

> [a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim.

549 U.S. 199, 215 (2007). The Ninth Circuit subsequently held in Belanus v. Clark that dismissal based on the statute of limitations constituted a strike where both the untimeliness of the complaint and the lack of entitlement to equitable tolling were clear on the face of the complaint. 796 F.3d 1021, 1023, 1027 (9th Cir. 2015).

Review of the findings and recommendations in Avery v. Moreno show that the statute of limitations bar was not clear on the face of the complaint; unlike in Belanus, the court had to look beyond the complaint to determine that plaintiff was not entitled to equitable tolling. See ECF No. 29 at 156. In determining that the complaint was untimely, the court found that plaintiff was not entitled to equitable tolling while exhausting his administrative remedies both because his claims were not properly exhausted and because he did not begin the administrative process until after the statute of limitations had already run. Id. at 156. However, in order to come to this conclusion, the court had to consider the evidence presented in support of the defendants' exhaustion argument, which went beyond the four corners of the complaint. Id. at 145-47, 156. Because the court had to look outside the complaint in order to determine that the claims were barred by the statute of limitations, Avery v. Moreno does not count as a strike.

B. Avery v. Virga, No. 2:14-cv-0287 DAD (E.D. Cal.)

Defendants argue that Avery v. Virga constitutes a strike because the complaint was dismissed for failure to state a claim and plaintiff was given leave to amend, but rather than filing an amended complaint, he chose to voluntarily dismiss the case. ECF No. 28-1 at 6. They argue that under Harris v. Mangum, 863 F.3d 1133 (9th Cir. 2017), when a plaintiff fails to file an amended complaint the dismissal counts as a strike. Id.

In Harris, the Ninth Circuit held that "when (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff

4

then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g)." Harris, 863 F.3d at 1142-43.  However, in Harris, the plaintiff did not voluntarily dismiss his cases after screening; rather, they were dismissed under Federal Rule of Civil Procedure 41(b) after the plaintiff failed to file amended complaints or notify the court of his intention not to do so.  Id. at 1142.  In Avery v. Virga, the court dismissed the action under Rule 41(a) after receiving plaintiff's voluntary dismissal, not under Rule 41(b).  ECF No. 29 at 324.  The Ninth Circuit has not issued a definitive ruling on whether such a dismissal counts as a strike, and there is a split among the circuit and district courts that have considered the issue.  Compare Daker v. Keaton, 787 F. App'x 630, 634 (11th Cir. 2019) (no strike where appeal was voluntarily dismissed after arguments were found to be frivolous and IFP was denied), Tiedemann v. Church of Jesus Christ of Latter Day Saints, 631 F. App'x 629, 631 (10th Cir. 2015) (no strike where complaint was dismissed for failure to state a claim and case was voluntarily dismissed after counsel was appointed to determine whether there were any viable claims to include in amended complaint), and Benyamini v. Hammer, No. 2:11-cv-2317 TLN AC P, 2014 WL 2174937, at *3, 2014 U.S. Dist. LEXIS 71408, at *6-8 (E.D. Cal. May 23, 2014) (voluntary dismissal after complaint dismissed with leave to amend not a strike), adopted in full June 24, 2014,[3] with Large v. Beckham Cnty. Dist. Ct., 558 F. App'x 827, 829 (10th Cir. 2014) (plaintiff cannot use a voluntary dismissal under Rule 41(a) "to avoid the effect of a 'strike' under 28 U.S.C. § 1915(g) once his case was already screened and found meritless" (citations omitted)), Taylor v. First Med. Mgmt., 508 F. App'x. 488, (6th Cir. 2012) ("plaintiff cannot avoid incurring a strike by simply voluntarily dismissing a claim" because it would "subvert the purposes of the PLRA"), and Chambers v. Laske, No. 2:18-cv-3470 MWF KES, 2018 WL 3219649, at *5, 2018 U.S. Dist. LEXIS 109466, at *12-13 (C.D. Cal. May 11, 2018) (voluntary dismissal after complaint dismissed with leave to amend constitutes a strike), adopted in full July 12, 2018.[4]

      The undersigned finds that plaintiff's voluntary dismissal in Avery v. Virga is not analogous to an involuntary dismissal under Rule 41(b) for purposes of § 1915(g).  When an

---

[3] 2014 WL 12913274, 2014 U.S. Dist. LEXIS 86643.
[4] 2018 WL 3435399, 2018 U.S. Dist. LEXIS 109464.

action is dismissed under Rule 41(b) after a plaintiff fails to file an amended complaint, the plaintiff has "effectively elected to stand" on the dismissed complaint. Harris, 863 F.3d at 1142. However, "a dismissal under Rule 41(a)(1) is effective on filing, no court order is required, the parties are left as though no action had been brought, the defendant can't complain, and the district court lacks jurisdiction to do anything about it." Com. Space Mgmt. Co. v. Boeing, Co., 193 F.3d 1074, 1078 (9th Cir. 1999). In other words, in voluntarily dismissing the action, plaintiff essentially chose not to stand on his complaint but to withdraw it, which was his "absolute right." Id. at 1077 ("It is well settled that under Rule 41(a)(1)(i), 'a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment.'" (quoting Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997))). The undersigned therefore finds that the voluntary dismissal of the action in Avery v. Virga does not constitute a strike under § 1915(g).[5]

C. Avery v. Walker, No. 10-15730 (9th Cir.)

In Avery v. Walker, the Ninth Circuit issued an order stating that "[a] review of the record demonstrates that this appeal may be appropriate for summary disposition because the questions on which the decision in the appeal depends may be so insubstantial as not to justify further proceedings." ECF No. 29 at 328. Plaintiff was ordered to show cause why the judgment should not be summarily affirmed. Id. In response, plaintiff moved to voluntarily dismiss the appeal and the motion was granted. Id. at 331, 334. Defendants argue that this appeal counts as a strike because a summary affirmance is equivalent to a dismissal as frivolous. ECF No. 28-1 at 7-8.

////

---

[5] There appears to be growing support for this position, as a number of district courts within the Ninth Circuit have recently begun offering plaintiffs the option of either amending their complaint or voluntarily dismissing the complaint with an explicit advisement that a voluntary dismissal under Rule 41(a) will not count as a strike. See, e.g., Peck v. Dorsey, No. 2:19-cv-1023 SAB, 2019 WL 6499109, at *4, 2019 U.S. Dist. LEXIS 208032, at *11 (D. Nev. Dec. 3, 2019); McDowell v. Haskell, No. 2:20-cv-300 RMP, 2020 WL 8920937, at *7, 2020 U.S. Dist. LEXIS 252250, at *17 (E.D. Wash. Sept. 21, 2020); James v. James, No. 2:19-cv-0020 SLG, 2019 WL 4169877, at *7, 2019 U.S. Dist. LEXIS 149192, at *48 (D. Alaska Sept. 3, 2019); Gansert v. Orange County, No. 8:19-cv-1999 JGB JDE, 2019 WL 8108749, at *6, 2019 U.S. Dist. LEXIS 228347, at *14-16 (C.D. Cal. Nov. 7, 2019); Morrison v. Christensen, No. 1:20-cv-0566 DCN, 2021 WL 1061973, at *6 & n.2, 2021 U.S. Dist. LEXIS 52602, at *16 (D. Idaho Mar. 19, 2021).

Even if defendants are correct that a summary affirmance constitutes a strike, there was no summary affirmance in Avery v. Walker. The Ninth Circuit found that the appeal "*may* be appropriate for summary disposition" and gave plaintiff an opportunity to demonstrate why that was not the case. ECF No. 29 at 328 (emphasis added). When plaintiff then moved to voluntarily dismiss his appeal, that motion was granted without any findings regarding the merits of the appeal. Id. at 334. Defendants contend that plaintiff moved to dismiss because of the order to show cause, and therefore the underlying reason for dismissal was frivolousness. ECF No. 28-1 at 8. However, plaintiff's motivation in dismissing the appeal is nothing but speculation, since plaintiff's motion to voluntarily dismiss the appeal made no comment on the appeal's merits and, even if it had, plaintiff's reasons for moving to voluntarily dismiss are immaterial. In evaluating whether a case constitutes a strike, the court looks to the court's reasons for dismissal, not plaintiff's motivations.

V.     Conclusion

Defendants have failed to show that plaintiff accrued three strikes prior to the initiation of this lawsuit and the undersigned will therefore recommend that the motion to revoke IFP status be denied and defendants be ordered to respond to the complaint.

Accordingly, IT IS HEREBY ORDERED that defendants' request for judicial notice, ECF No. 29, is GRANTED.

IT IS FURTHER RECOMMENDED that:

1. Defendants' motion to revoke plaintiff's in forma pauperis status, ECF No. 28, be DENIED.

2. In the event the District Judge adopts these findings and recommendations, defendants be required to respond to the complaint within twenty-one days of the order denying defendants' motion.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 26, 2021

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE